24CA1124 Peo v Spomer 07-30-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1124
Weld County District Court No. 21CR1135
Honorable Allison J. Esser, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Shawn Spomer,

Defendant-Appellant.

APPEAL DISMISSED

Division II
Opinion by JUDGE HARRIS
Tow and Brown, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 30, 2026

Philip J. Weiser, Attorney General, Josiah Beamish, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Rachel Z. Geiman, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1    Defendant, Shawn Spomer, appeals the district court's order denying his motion to dismiss the criminal charges against him based on a violation of the Interstate Agreement on Detainers Act (IAD).  We dismiss the appeal.

## I.    Background

¶ 2    In June 2021, the State charged Spomer with two counts of introducing contraband into a detention facility in violation of section 18-8-203(1)(a), C.R.S. 2025.  While the contraband charges were pending, Spomer was arrested and extradited to Ohio, where he was sentenced on charges in June 2022.

¶ 3    Several months later, Spomer filed a motion in the Weld County District Court for final disposition of the contraband charges pursuant to the IAD.  The court issued an order indicating that it was taking no action because Spomer had failed to strictly comply with the IAD's requirements.

¶ 4    In May 2023, Spomer was returned to Colorado to face charges in multiple counties.  In the underlying case, Spomer filed a motion to dismiss the contraband charges, contending that he had complied with the IAD but the State had not brought him to trial within the statutory deadline.  The district court denied the motion.

¶ 5 Thereafter, Spomer pleaded guilty to one count of introducing contraband in exchange for the dismissal of the other count and a stipulated two-year probationary sentence.

## II. Discussion

¶ 6 Spomer appeals the district court's denial of his motion to dismiss the charges under the IAD. We conclude that Spomer waived his claim of error.

¶ 7 The IAD is an interstate compact that "facilitates the speedy disposition of untried charges against defendants who are imprisoned in another state." *People v. Walton*, 167 P.3d 163, 165 (Colo. App. 2007). A defendant who makes a statutorily compliant request for final disposition of pending charges to the out-of-state court and prosecutor has a right to be brought to trial within 180 days. § 24-60-501(III)(a), C.R.S. 2025.

¶ 8 But IAD rights are nonjurisdictional, and the defendant can therefore waive his rights — either by failing to assert them prior to trial, *see People v. Moody*, 676 P.2d 691, 695 (Colo. 1984), or by pleading guilty, *see People v. Carroll*, 939 P.2d 452, 455 (Colo. App. 1996).

¶ 9 Here, after the court denied the motion to dismiss, Spomer entered a guilty plea, the validity of which he does not challenge in this appeal. By pleading guilty, Spomer waived "review of issues that arose prior to the plea," *Neuhaus v. People*, 2012 CO 65, ¶ 8, including any alleged violation of the IAD, *Reyes v. People*, 195 P.3d 662, 665 (Colo. 2008) ("IAD rights are nonjurisdictional and nonconstitutional and are subject to voluntary waiver . . . .").

¶ 10 "Waiver extinguishes error and therefore appellate review." *People v. Roberson*, 2025 CO 30, ¶ 13.

### III. Disposition

¶ 11 The appeal is dismissed.

JUDGE TOW and JUDGE BROWN concur.